O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GUARDADO,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social<br>Security,<br><br>　　　　　Defendant. | Case No. CV 10-7972-OP<br><br>MEMORANDUM OPINION AND<br>ORDER |

The Court[1] now rules as follows with respect to the disputed issue listed in the Joint Stipulation ("JS").[2]

---

[1] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action. (See ECF Nos. 8, 9.)

[2] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR") and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g). (ECF No. 6 at 3.)

## I.

## **DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issue raised by Plaintiff as the ground for reversal and/or remand is whether the Administrative Law Judge ("ALJ") properly considered the medical evidence to find the presence of a non-severe impairment. (JS at 3.)

## II.

## **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

## III.

## **DISCUSSION**

**A.** **The ALJ's Findings.**

The ALJ found that Plaintiff does not suffer from any impairments that are continuously severe and, therefore, failed to establish disability at Step Two of the sequential evaluation. (AR at 16, 18.) The ALJ also found that even

considering the limitations proposed by the consultative examining physician, Plaintiff maintained the physical capacity to perform "a wide range of work or work related activities." (Id. at 18.)

**B.    The ALJ Properly Found Plaintiff's Impairments To Be Non-severe.**

    **1.    The ALJ Did Not Reject the Opinions of the Consultative Examining Physician.**

The underlying basis of Plaintiff's claim for relief is that the ALJ improperly rejected the opinions of consultative examining physician, Jagvinder Singh, M.D., thereby leading the ALJ to conclude that Plaintiff did not suffer from a severe impairment. The Court rejects Plaintiff's argument.

On August 7, 2007, Dr. Singh completed an Internal Medicine Consultation of Plaintiff. (Id. at 255-59.) Dr. Singh reported completely normal findings throughout the evaluation, except for high blood pressure. (Id.) He saw no complications secondary to the hypertension. (Id. at 259.) Dr. Singh ultimately concluded that Plaintiff could sit without restriction, would be limited to standing and walking for six hours in an eight-hour day, and could lift and carry twenty-five pounds occasionally and ten pounds frequently. (Id.) Dr. Singh did not recommend any other work restrictions.

An August 27, 2007, Physical Residual Capacity Assessment completed by agency physician Dr. E.L. Gilpeer, also indicated that Plaintiff could sit, stand, and walk for up to six hours in an eight-hour workday, but also opined that Plaintiff could lift and carry up to fifty pounds occasionally and twenty-five pounds frequently. (Id. at 262.) Dr. Gilpeer further concluded that despite the fact that Plaintiff presented with elevated blood pressure, his hypertension had not resulted in target organ damage and was "not a severe impairment." (Id. at 262, 266.)

The ALJ may only reject the opinion of a treating or examining physician if the ALJ provides specific and legitimate reasons for doing so that

are based on substantial evidence in the record. <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1041 (9th Cir. 1995). If the treating or examining physician's opinion is uncontroverted, the ALJ's reasons for rejecting the opinion must be clear and convincing. <u>Id.</u> Here, as explained below, Plaintiff's claim fails because the ALJ did not reject the opinions of Dr. Singh.

Plaintiff points out that the ALJ "discusses, but does not reject, the examining opinion of Dr. Singh, which found the presence of severe impairments which impose[] significant limitation on the ability to function." (JS at 4.) As Plaintiff concedes, the ALJ did not reject Dr. Singh's opinions. In fact, the ALJ concluded that whether Plaintiff was limited to lifting or carrying fifty pounds occasionally (as opined by Dr. Gilpeer), or to only twenty-five pounds occasionally (as opined by Dr. Singh), either limitation would not prevent him from performing a wide range of work or work-related activities. (<u>Id.</u> at 18.) Accordingly, Plaintiff is mistaken in his argument that the ALJ rejected Dr. Singh's opinions and that this improper consideration of the medical evidence resulted in the ALJ's conclusion that Plaintiff's impairments are non-severe.

Plaintiff is also mistaken in his assertion that Dr. Singh found Plaintiff to suffer from a severe impairment. Dr. Singh offered diagnoses of hypertension, not well controlled, IV drug abuse, and history of back pain. (AR at 259.) Nowhere within his report did Dr. Singh offer a conclusion that those conditions were severe, as defined by the Social Security Administration. To the extent Dr. Singh offered any conclusion regarding the limiting impact of Plaintiff's impairments, the doctor opined only that Plaintiff "is able to lift and carry 25 pounds occasionally and 10 pounds frequently." (<u>Id.</u>) The doctor did not recommend any other work restrictions. Notably, reviewing physician Dr. Gilpeer also considered Plaintiff's elevated blood pressure and low back discomfort, and found that the hypertension was not a severe impairment, and

that the low back discomfort could be expected to respond well to appropriate treatment and was not expected to last a year. (Id. at 266.) He also found that Plaintiff could lift fifty pounds occasionally. (Id.)

### 2. The ALJ Did Not Err in Finding Plaintiff's Impairments Non-severe.

To the extent that Plaintiff also argues that the ALJ erred in finding Plaintiff's impairments non-severe despite the consideration of Dr. Singh's opinion regarding Plaintiff's limitations to standing or walking six out of eight hours, and lifting twenty-five pounds occasionally, essentially the medium exertional level of work,[3] the claim still fails.[4]

#### a. Step Two Standards.

At Step Two in the Commissioner's sequential disability evaluation, the ALJ determines if the claimant has "a severe medically determinable physical or mental impairment" that meets the twelve-month durational requirement. 20 C.F.R. §§ 416.909; 416.920(a)(4)(ii). If the claimant does not have such a severe impairment, she is not disabled. Id. Step Two findings must be based upon medical evidence. Id. § 416.920(a)(ii). The regulations instruct that an

---

[3] Medium work is defined as the ability to lift twenty-five pounds occasionally and ten to twenty-five pounds frequently. Dictionary of Occupational Titles, Fourth Ed., 1991, App. C.

[4] The Court acknowledges that in the heading of Plaintiff's claim, he states that the ALJ erred in rejecting the treating opinions and the testimony of Plaintiff in finding the impairments non-severe. (JS at 4.) However, nowhere in Plaintiff's argument does he argue that the ALJ's decision on the issue of severity was premised on a rejection of Plaintiff's testimony, nor does he provide the Court with any citation to any treating physician opinion that found an impairment so severe that it significantly limited Plaintiff's physical ability to do basic work activities. Moreover, the ALJ thoroughly reviewed Plaintiff's treating records and found no indication that his impairments were severe. (AR at 17-18.)

impairment is "not severe" if it "does not significantly limit your physical or mental ability to do basic work activities." Id. §§ 404.1521(a); 416.921(a). The Step Two inquiry is a "threshold inquiry," which is *de minimis* only. Bowen v. Yuckert, 482 U.S. 137, 153-54, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987). "An impairment or combination of impairments may be found 'not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" Webb v. Barnhart, 433 F.3d 683, 686-87 (9th Cir. 2005) (citation omitted).

At Step Two, the claimant bears the burden of demonstrating a severe, medically determinable impairment that meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii); Yuckert, 482 U.S. at 146 n.5. To satisfy the duration requirement, the severe impairment must have lasted or be expected to last for a continuous period of not less than 12 months. Yuckert, 482 U.S. at 140.

### b. Analysis.

In the first portion of his opinion, the ALJ states that "[t]here is sufficient documentation in the record to establish that the claimant has a condition that causes more than minimal limitations." (AR at 16.) However, the ALJ continues in the same sentence to conclude that "there is no medical documentation to establish that hypertension is more than a nonsevere condition." (Id.) At the end of his opinion, the ALJ clarifies that "the overall treating and examining record . . . does not reveal continuously severe heart or back problems." (Id. at 18.) The only way to logically interpret the ALJ's seemingly contradictory statement regarding Plaintiff's more than minimal limitations and the fact that Plaintiff's impairments are nonsevere, is to read the ALJ's statements together to support the ALJ's conclusion that Plaintiff's impairments, while severe at times, were never continuously severe so as to meet the duration requirement for establishing disability.

Substantial record evidence support such a conclusion.  The record reveals that Plaintiff has no residual physical limitations resulting from his back surgery (id. at 139, 257-59, 260) and, in fact, he did not seek any further medical treatment for his back following his 2005 surgery.  In addition, the medical evidence indicates that Plaintiff's hypertension is well controlled by medication and only becomes problematic when he fails to comply with his prescribed treatment.  (Id. at 127, 162, 209-11, 239, 259, 266, 392, 616, 634, 648, 650, 654); see also Odle v. Heckler, 707 F.2d 439, 440 (9th Cir. 1983) (concluding substantial evidence supported finding of not disabled where conditions were controlled by medication).  Based on this evidence, neither Plaintiff's back impairment nor his hypertension meet the duration requirement for establishing disability.

Even if the ALJ erred in finding that Plaintiff does not suffer from a severe impairment, the error was harmless.

An error may be considered harmless where the error is non-prejudicial to the Plaintiff; is considered irrelevant to the determination of non-disability; or if the reviewing court can "confidently conclude" that no reasonable ALJ could have reached a different disability determination if the error were corrected.  Stout v. Comm'r, Soc. Sec. Admin, 454 F.3d 1050, 1056 (9th Cir. 2006).  Erroneously finding a severe impairment is "non-severe" at Step Two may be harmless error if, throughout the sequential evaluation process, the adjudicator properly considers the effects of all established impairments. Lewis v. Astrue, 498 F.3d 909, 910 (9th Cir. 2007).

Here, although finding that Plaintiff did not suffer from a severe, medically determinable impairment that meets the duration requirement, the ALJ nevertheless discussed the medical evidence and concluded that Plaintiff could perform work activity even with the limitation to lifting twenty-five pounds occasionally.  (AR at 18.)  Significantly, the recommendations by Dr.

Singh and Dr. Gilpeer are the only evidence in the record that any physician ever limited Plaintiff's ability to perform work activity. The ALJ credited Dr. Singh's somewhat more conservative recommendations and determined that even considering those limitations (stand/walk six out of eight hours; lift twenty-five pounds occasionally, ten pounds frequently), Plaintiff retained the ability to perform a wide variety of work activity.[5] (Id.)

Because the ALJ found that Plaintiff maintained the ability to perform work activity, even when considering the conservative limitations recommended by Dr. Singh, any error in the ALJ's Step Two analysis was non-prejudicial to the Plaintiff, as the Court can "confidently conclude" that no reasonable ALJ could have reached a different disability determination if the error were corrected. Stout, 454 F.3d at 1056.

## IV.

## **ORDER**

Based on the foregoing, IT THEREFORE IS ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

DATED: November 3, 2011

/s/ Oswald Parada
HONORABLE OSWALD PARADA
United States Magistrate Judge

---

[5] To the extent that the ALJ might have erred in not presenting specific examples of jobs within Plaintiff's residual functional capacity, or by failing to seek the testimony of a vocational expert on the issue, Plaintiff does not present such arguments to the Court as grounds for reversal and/or remand.